# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CASSANDRA C DE BACA, as Personal
Representative of the ESTATE OF BEN C DE
BACA, deceased,

      Plaintiff,

vs.                                    No. CIV 17-1058 JB\LF

TOWN OF BERNALILLO, ex rel. TOWN OF
BERNALILLO POLICE DEPARTMENT;
OFFICER JEREMIAH BENJEY, sued in his
individual capacity; OFFICER SHAWN VIGIL,
sued in his individual capacity; COUNTY OF
SANDOVAL, ex rel. SANDOVAL COUNTY
SHERIFF'S DEPARTMENT; OFFICER
PATRICK SEGURA, sued in his individual
capacity, SERGEANT JAMES LAPORTE,
sued in his individual capacity; OFFICER
JOHN DOE, 1-10, sued in their individual
capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Magistrate Judge's Proposed Findings and

Recommended Disposition, filed February 4, 2019 (Doc. 82)("PFRD"). The parties agreed to

waive their objection period. See PFRD at 7. The Court concludes that the conclusions of the

Honorable Laura Fashing, United States Magistrate Judge for the District of New Mexico, are not

clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and the Court

therefore adopts them. The Court therefore approves the proposed settlement between Plaintiff

Cassandra C de Baca and Defendants Town of Bernalillo and the Town of Rio Rancho as it relates

to the three minor beneficiaries of Ben C de Baca's wrongful death estate.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

District Courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996)(internal quotation marks omitted)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's

Act,[1] including judicial efficiency." United States v. 2121 E. 30th St., 73 F.3d at 1059 (citing

Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638

F.2d 947, 949 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d at 1060. "To

further advance the polices behind the Magistrate's Act, [the Tenth Circuit], like numerous other

circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections

to the magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'" United States v. 2121 E. 30th St., 73 F.3d at 1059 (quoting Moore v. United States,

950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the

district court's attention to the factual and legal issues that are truly in dispute will advance the

policies behind the Magistrate's Act . . . ." United States v. 2121 E. 30th St., 73 F.3d at 1060. In

addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for

the first time in objections to the magistrate judge's recommendation are deemed waived."

Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d

1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to

the magistrate judge's report are deemed waived."). In an unpublished order and judgment, the

Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an]

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795,

796 (10th Cir. 2007)(unpublished).[2]

In United States v. 2121 East 30th Street, the Tenth Circuit, in accord with other Courts of

Appeals, expanded the waiver rule to cover objections that are timely but too general. See United

States v. 2121 E. 30th St., 73 F.3d at 1060. The Supreme Court of the United States -- in the course

of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule --

has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding *or ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value." The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition.

the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See *id.*, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (alterations in original)(footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" United States v. 2121 E. 30th St., 73 F.3d at 160 (alteration in United States v. 2121 E. 30th St.)(quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."). In United States v. 2121 East 30th Street, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review of the pleadings despite the lack of specificity in the objections, but the Tenth Circuit held

that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See United States v. 2121 E. 30th Street,73 F.3d at 1060-62 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1995).  The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  (quoting 29 U.S.C. § 636(b)(1))); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular-hour estimates" over the plaintiff's written objections, is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound

judicial discretion, chose to place on a magistrate's proposed findings and recommendations'" (emphasis omitted)(first quoting 29 U.S.C. § 636(b)(1); and then quoting United States v. Raddatz, 447 U.S. at 676)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition and, although the Court determined that the plaintiff waived her opportunity for the Court to conduct review of the factual and legal findings in the proposed findings and recommended disposition, the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, [obviously[3]]

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting the "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, Nos. CIV 11-0858 JB/GBW, CIV 12-0054 JB/GBW, 2013 WL 499521, at *7 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PFRD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Walloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting

contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at

*3. This review, which is deferential to the Magistrate Judge's work when there is no objection,

nonetheless provides some review in the interest of justice, and seems more consistent with the

intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court

considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is

nothing in those Reports, however, that demonstrates an intent to require the district court to give

any more consideration to the magistrate's report than the court considers appropriate."). The

Court is reluctant to have no review at all if its name is going to go at the bottom of the order

adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court has carefully reviewed the PFRD. The Court did not review the PFRD de novo,

because the parties have not objected to it, but rather reviewed Judge Fashing's findings and

recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law,

or an abuse of discretion. The Court determines that they are not clearly erroneous, arbitrary,

---

the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion"). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's determination of the applicable law and the Magistrate Judge's application of law to the facts, or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judge's recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the recommendations.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 4, 2019 (Doc. 89), is adopted; (ii) Ms. Stout Sanchez is released from her duties as guardian ad litem, and Defendants are hereby ordered to pay her fees; (iii) the settlement agreement between Plaintiff Cassandra C de Baca and Defendants Town of Bernalillo and the Town of Rio Rancho as it relates to the three minor beneficiaries of Ben C de Baca's wrongful death estate is approved; and (iv) the parties to the settlement shall file closing documents within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ahmad Assed
Richard J. Moran
Law Office of Ahmad Assed
Albuquerque, New Mexico

--and--

Kevin P. Holmes
Holmes Law Firm
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

James P. Sullivan
Christina L. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

 *Attorneys for Town of Bernalillo, ex rel. Town of Bernalillo Town of Bernalillo Police Department, Officer Jeremiah Benjey, and Officer Shane Vigil*


Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

 *Attorney for Defendants County of Sandoval and Officer Patrick Segura*

Robert W. Becker
YLAW, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendant Sergeant James LaPorte*